### IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF NEW-YORK,

IN OCTOBER TERM, 1820,(a) IN THE FORTY-FIFTH YEAR OF OUR INDEPENDENCE.

---

Bank of the UNITED STATES *against* JENKINS and others.

*Monday, October 16th.*

ONE of the defendants, *Thomas Jenkins*, was arrested on a *capias ad respondendum*, issued in this cause at the suit of the plaintiffs, in the city of *New-York*, and *Elisha Jenkins*, and the other defendant, were arrested in the county of *Columbia*, and the same person was bail for all the defendants. A judgment having been entered up against all the defendants, a *fieri facias* was issued against them, in *August* term last, directed to the sheriff of the city and county of *New-York*, who returned thereon, that no goods or chattels, lands or tenements, could be found, &c. A *test. ca. sa.* was, there-

*Where several defendants are arrested on a* capias ad respondendum, *at the suit of the plaintiff, in several counties, and all put in special bail, and the plaintiff issues a* fi. fa. *against all the defendants to the sheriff of the county, in which one of them only was arrested, which is returned* nulla bona, &c. *and, thereupon, issues a* test ca. sa. *against the defendants, directed to the*

(a) By an act of the last session of the legislature, (ch. 216.) the *October term* of this Court was directed to be held at *Utica*, in the county of *Oneida*, instead of the city of *New-York*.

*sheriff of a different county, in which none of the defendants were arrested ; and one of the defendants who was arrested in another county into which no* fi. fa *had been issued, is there taken on the* ca. sa. *it is irregular, not being pursuant to the provision of* the act concerning judgments and executions ; (1 N. R L. 500. sess. 36, ch. 50. s. 7.) *and the defendant so taken in execution, may be discharged on motion.*

Though this Court has power, at common law, to relieve against all illegal imprisonments in civil or criminal cases, yet an *habeas corpus* is not the proper remedy for a defendant imprisoned on a *ca. sa* so irregularly issued; but the party should apply to the Court, on motion and affidavit, for that purpose.

UTICA,
October, 1820.

BANK OF U. S.
v.
JENKINS.

for, directed to the sheriff of the county of *Oneida,* on which *Elisha Jenkins,* who happened then to be in that county, was arrested and imprisoned.

*Sill* now moved, that the *test. ca. sa.* be set aside, on the ground, that no *fi. fa.* had been previously issued into the county of *Columbia,* where *Elisha Jenkins* was arrested on the *mesne* process. By the seventh section of the *act concerning judgments and executions,* (1 *N. R. L.* 500. sess. 36. ch. 50.) it is *provided,* " that no execution shall issue upon any judgment, &c. in any action in which special bail shall have been filed, against the body of any defendant, unless he is already in prison on execution, until an execution against the goods and chattels, lands and tenements, *of such* defendant, shall have been issued on such judgment, to the proper officer of the county in which the *capias ad respondendum* in such action was served, and such officer shall have returned thereon, that no goods or chattels, lands or tenements, could be found whereon to levy the whole sum directed to be levied by such execution."

*Talcot,* contra, contended, that a *fieri facias* having been issued against all the defendants, to the sheriff of the city and county of *New York,* in which county the *capias ad respondendum* had been served on one of the defendants, and such execution returned, it was a sufficient compliance with the terms of the act, so as to authorize the issuing of a *ca. sa.* against all the defendants. The act speaks of any defendant.

*Gold,* in reply, said, that by the true construction of the act, the previous *fi. fa.* must be issued to the sheriff of the county in which *such* defendant was arrested ; meaning *the* defendant against whom the *ca. sa.* is issued. Now, *Elisha Jenkins* was arrested on the *capias ad respondendum* in the county of *Columbia,* where he resides, and no *fi. fa.* has ever been issued into that county.

*Per Curiam.* This proviso of the statute was intended to prevent the plaintiff from taking out an execution against

the body of a defendant who might have property enough <span style="float:right">UTICA,<br>October, 1820.</span> to pay the debt. Though the terms of the act may seem to apply only to a single defendant; yet it, no doubt, was in- <span style="float:right">BANK OF U. S.<br>v.<br>JENKINS.</span> tended, and such is the sound construction of the act, to apply also to the case of several defendants. The presumption is, that the party resides in the place where he is arrested, and the defendants, who were arrested in the county of *Columbia*, may have property there enough to satisfy the debt due to the plaintiffs. This construction of the act will produce no delay or injury to a plaintiff, for he may issue writs of *fi. fa.* into as many counties as he pleases, at the same time ; but all of them must be returned, before he can be authorized to issue a writ of *ca. sa.* We are of opinion, that the motion ought to be granted ; but as the attorney of the plaintiffs would be liable to an action for false imprisonment ; and as there might be some doubt as to the meaning of the act, and he may have acted in good faith, we think, that we have a right to impose terms on the defendant ; we, therefore, grant the motion, on condition that he stipulates not to bring an action for false imprisonment.

The defendant refusing to enter into such a stipulation, *Gold*, on a subsequent day, applied to the Court for the allowance of an *habeas corpus*, saying, that he supposed it to be the proper remedy to relieve the defendant from his imprisonment ; the writ of *audita querela* being an equitable remedy, applicable rather to the case where the defendant is entitled to relief against the judgment, than to a case of mere irregularity in the issuing of an execution. (2 *Saund.* 148. n. 1. 1 *Comyn's Dig. Audita Querela*, (A.) 1 *Bac. Abr. Audita Querela.* (A.) (B.)

SPENCER, Ch. J. The Court have, no doubt, more extensive powers than a judge in vacation, in regard to writs of *habeas corpus*. We allow the writ, though we do not well see what effect it is to have.

The defendant was, afterwards, on the last day of the term, brought up on the *habeas corpus*, to which the sheriff returned, that he held the defendant in his custody, by virue of a writ of *test. ca. sa.* issued out of this Court, and

UTICA,          directed to him in the above cause. *Sill* moved, that the
August, 1820.   defendant be discharged; and stated, that the Court had
BANK OF U.S.    power to examine into facts *dehors* the return. To show
v.              this, he read the *preamble* to the " act to amend the act,
JENKINS.        entitled, an act to prevent unjust imprisonment, by securing
the benefit of the writ of *habeas corpus*," passed the 21st
of *April*, 1818, which says, among other things, that " *where-
as* doubts are also entertained whether returns made to
writs of *habeas corpus* issued under the said act, are tra-
versable, or examinable by facts *dehors* the return."

SPENCER, Ch. J. I do not consider that statute as ap-
plying to this Court in term time. The Court have no doubt
as to their powers. The only question is, whether the writ
of *habeas corpus* is the proper remedy.

*Talcot*, for the plaintiffs. The proper mode of proceed-
ing on the part of the defendant, to be relieved from this im-
prisonment, was the one pursued by him on the first day of
the term, that is, by *motion*, and which was granted to him,
on terms. He has refused to comply with those terms, and
now resorts to this writ to avoid the condition which the
Court thought it right to annex to the order which they
granted for his discharge. The defendant, then, stands on
his strict rights, and is entitled to no favour. The 20th sec-
tion of the " *act concerning sheriffs and their duty in respect
to process, arrest, and the keeping of prisoners*," (1 *N. R. L.*
418. sess. 36. ch. 67,) is expressly applicable to writs of ha-
beas corpus returned in vacation, but not in term. It declares,
that "if any writ shall be granted, commanding the sheriff or
keeper of the prison where any person shall be so charged
in execution, for any debt or damages aforesaid, to have
the body of such prisoner, with the cause of his imprison-
ment, in the Chancery or in any other court, or before the
chancellor or any judge, and it be returned upon the said
writ that such prisoner is charged in execution as aforesaid,
then and in every such case, such prisoner shall be immedi-
ately remanded, and shall remain in prison according to
law," &c. In *Cable* v. *Cooper*, (15 *Johns. Rep.* 152.) *Van
Ness*, J. who delivered the opinion of the Court, said, that it

might well be doubted, whether the *habeas corpus act*, (1 *N.* R. L. 354, sess. 36. ch. 57.) gives to a judge or the chancellor in vacation, a right to discharge a party imprisoned on *civil process.* In the case of *Wilson, ex parte,* (6 *Cranch,* 52,) the Supreme Court of the *United States* refused to allow a writ of *habeas corpus,* where the person was in custody on a *ca sa.,* being of opinion that it was not the proper remedy in a case of arrest under a *civil process.* The truth of the return to a writ of *habeas corpus* is not to be controverted, though the Court may examine into the circumstances of a fact, by *affidavit,* in order to determine whether it be reasonable to bail the prisoner or not. (*Hawk. P. C. B.* 2. ch. 15. s. 78. 79.)

UTICA,
October, 1820.

BANK OF U. S.
v.
JENKINS.

*Gold* said, that the Court might look to matters *dehors* the return, and that it was so decided in *Yates' case.* (*Yates* v. *The People,* 6 *Johns. Rep.* 337.)

SPENCER, Ch. J. This Court has power to relieve against all illegal imprisonments, either in civil or criminal cases. It is a power derived from the common law, and I know of no limit to it, but our sound discretion. But we are of opinion, that the writ of *habeas corpus* is not the proper remedy for the defendant in this case, and shall not, therefore, discharge him from imprisonment on this writ. We have again looked into the affidavits on which the motion was made on the first day of the term, and on reconsidering the case, we are satisfied that there was nothing to warrant the practice pursued by the attorney of the plaintiffs ; and that it was merely an experiment on their part, to get their money. supposing, probably, that if the defendant was taken in execution, at so great a distance from his home, he would find some means to satisfy the debt. We, therefore, direct that the rule granted on the first application, be amended, by striking out that part of it, making it a condition of his discharge, that the defendant should stipulate not to bring an action for a false imprisonment.

Rule accordingly.