CYRUS SCOFIELD, Respondent, *v.* SAMUEL KREISER, Appellant.

*Witness—privileged from arrest while returning from examination in supplementary proceedings — right to unconditional discharge.*

A judgment creditor instituted supplementary proceedings against his debtor, and while the latter was returning home, after an examination had in such proceedings, the creditor caused to be served upon him an execution against the body

*Held,* that the debtor was absolutely entitled to be discharged from custody, being privileged from arrest under such circumstances by sections 860 and 861 of the Code of Civil Procedure.

That it was error to make his discharge conditional upon his stipulating to waive all claim for damages by reason of such arrest.

Appeal by the defendant Samuel Kreiser from so much of an order, entered in the office of the clerk of the county of New York on the 12th day of May, 1891, as imposed as a condition of granting said order (which set aside an execution against his person and discharged him from arrest thereunder) that he stipulate to waive any claim for damages by reason of his said arrest.

*A. Kling,* for the appellant.

*McAdam & McCrea,* for the respondent.

Van Brunt, P. J.:

On the 11th day of December, 1891, judgment was rendered against the defendant in favor of the plaintiff in an action of conversion, and on January 11, 1891, an execution against the defendant's property was issued to the sheriff, who returned the same unsatisfied January 20, 1891, of which return plaintiff had no notice until February 20, 1891. On the 25th day of February, 1891, plaintiff instituted proceedings supplemental to execution against the defendant; such proceedings continued until April 10, 1891, to which time the same had been adjourned.

The defendant appeared on that day before the court, and while he was in such attendance the plaintiff issued to the sheriff an execution against his person, and after he had left the court and gone to his attorney's office, on his way home, he was taken into custody. The defendant thereupon moved that the execution against his person be superseded, vacated and set aside, and himself discharged from custody upon the following grounds :

( 1.) That the plaintiff had neglected to issue said body execution within ten days after the return of the execution against the defendant's property, or within three months after the entry of judgment.

( 2.) That the said execution against the person had been issued while proceedings against the defendant's property were pending, and before same had terminated.

(3.) That the defendant had been arrested while returning to his home from attendance upon this court, pursuant to its lawful mandate, in a case where his attendance could have been compelled, and while he was privileged from arrest.

The court granted this motion upon all the grounds moved upon, on condition that the defendant stipulated to waive any claim for damages by reason of his arrest, and from that part of the order imposing this condition this appeal is taken.

It is undoubtedly true that the defendant was not absolutely entitled to have the execution set aside because not issued within ten days after the return of execution against his property, or within three months after the entry of judgment. If reasonable excuse be given, the application may be denied. But he was absolutely entitled to be discharged from arrest, and that without condition, because the provisions of section 860 of the Code had been violated, which the judge below must have found to be the fact, as he granted the motion upon that ground. It is true that the counsel for the plaintiff swears that the defendant voluntarily submitted to arrest. Of this he concededly only speaks from information received, while every person present who makes an affidavit denies that the facts are true because of which a voluntary surrender is claimed. Under such circumstances the court, pursuant to the provisions of section 861 of the Code, was bound to discharge the defendant, and could not deprive him of the right given by section 863.

The order appealed from should, therefore, be modified by striking therefrom the clause exacting the stipulation, with ten dollars costs and the disbursements of the appeal.

DANIELS and INGRAHAM, JJ., concurred.

Order modified as directed in opinion, with ten dollars costs and disbursements of this appeal.