(33 App. Div. 330.)

HOME BANK v. J. B. BREWSTER & CO. et al.  FIFTH NAT. BANK v.
SAME.   NATIONAL BROADWAY BANK v. SAME.

(Supreme Court, Appellate Division, First Department.   October 14, 1898.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—FRAUD — RECEIVERS — CUSTODY OF
PROPERTY.

Before the levy of an execution was made, the property was assigned
for the benefit of creditors.  A judgment was rendered setting aside the
assignment as fraudulent, and appointing a receiver of the property,
which was affirmed as to setting aside the assignment, but reversed as to
the appointment of a receiver.  *Held* that, on discharge of the receiver,
the property fell back into the custody of the assignee, subject to the right
to levy, and therefore an order placing such property in the hands of
the sheriff, who held the execution, was erroneous.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Separate actions by the Home Bank, the Fifth National Bank,
and the National Broadway Bank against J. B. Brewster & Co. and
others, to set aside an assignment for the benefit of creditors, and for
the appointment of a receiver.   From an order settling the accounts
of the receiver, James A. Garver, assignee of J. B. Brewster & Co.,
appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
INGRAHAM, and McLAUGHLIN, JJ.

John A. Garver, for appellants.
W. C. Beecher, for respondents.

VAN BRUNT, P. J.   The defendant J. B. Brewster & Co., a
domestic corporation, engaged in the manufacture and sale of car-
riages, with its factory, warerooms, and offices in the city of New
York, and having on hand a large quantity of carriages, machinery,
and other personal property capable of sale and levy under execution,
made a general assignment for the benefit of creditors to the de-
fendant John A. Garver on October 11, 1895, and, immediately prior
to said assignment, transferred considerable of its property to the
other defendants herein.   The plaintiffs brought actions upon claims
which they had against the corporation of J. B. Brewster & Co., ob-
tained judgments, and issued executions thereon to the sheriff of the
city and county of New York.   The sheriff attempted to make levy
under said executions upon the properties above mentioned, but was
unable to do so on account of the transfers and general assignment
heretofore referred to.   The plaintiffs then, as judgment creditors,
on or about the 18th of November, 1895, brought actions in aid of their
outstanding executions, to set aside said transfers by the corporation
of J. B. Brewster & Co., as contrary to statute, fraudulent, and made
with intent to hinder, delay, and defraud creditors, in order that the
plaintiffs could then proceed to levy their executions upon the prop-
erty, and sell and apply the same for the satisfaction of their judg-
ments.

On the commencement of these actions, motions were made for the appointment of a temporary receiver, which motions were granted, and a temporary receiver was appointed, who duly qualified, and took possession of the property then in the hands of the assignee, consisting of a small deposit in a trust company, and certain property, consisting of carriages, lumber, and other raw materials used in the manufacture of carriages, all of which was subject to levy and sale under execution. The most of this property was sold by the receiver, with the consent and under the direction of the plaintiffs in these actions, and the receiver received the proceeds of such sale. Among the assets of the corporation of J. B. Brewster & Co. was a policy of insurance upon the life of J. B. Brewster, for $50,000, payable to J. B. Brewster & Co., their successors or assigns. On the 7th of June, 1895, J. B. Brewster & Co. had obtained thereon a loan for one year of $16,000, at 6 per cent. interest, from the American Deposit & Loan Company. Just prior to the general assignment, J. B. Brewster & Co. made an assignment of the said policy to the defendant Cone, subject to the said loan. At the time of the general assignment and the issue of the plaintiffs' executions, the said policy was held by the American Deposit & Loan Company as collateral security. After the receiver had been appointed, the said loan became due and was demanded; and upon a petition made by the temporary receiver and the defendant Garver, assignee for the defendant J. B. Brewster & Co., an order of this court was obtained and entered herein on the 8th of July, 1896, directing the said temporary receiver, from and out of the moneys in his hands as such receiver, to pay to the said American Deposit & Loan Company the sum of $5,000, and that they, the said temporary receiver and John A. Garver, should hold the said policy pending the determination of the actions. Pursuant to said order, the said temporary receiver paid to said deposit company the sum of $5,000; and Garver also paid, from money in his hands as assignee, the sum of $12,048; and the policy was thereupon handed over and delivered to the said temporary receiver.

The defendants in the action to set aside the various transfers having answered, denying the fraud, the actions came on for trial at special term, and resulted in a judgment in favor of the plaintiffs; and the court appointed the temporary receiver as permanent receiver. 41 N. Y. Supp. 203. The temporary receiver thereupon duly rendered his account to the court, crediting himself with the payment of said sum of $5,000 to the American Deposit & Loan Company. The account was duly allowed, and the temporary receiver was thereafter discharged, and the property in his hands as such was delivered to the permanent receiver, who subsequently advanced the sum of $1,272.25 as a premium, in order to preserve and keep said policy alive; and the assignee, Garver, also advanced for a like purpose the sum of $3,662.76. The defendants appealed from the judgment; and all that part of the judgment whereby the court attempted to appoint a receiver was reversed, the court holding that, in this form of action, all that the plaintiffs were entitled to was a levy under their executions upon the property upon which they were liens, unobstructed by the fraudulent transfers, and that, as to all other parties and all

other property, the transfers and assignment were valid, and could not be interfered with.

The receivership having thus been terminated by the decree of the appellate division, the permanent receiver presented his account, and moved the court for his discharge, and, under said judgments as amended, to pay and deliver over the money and property in his hands to the sheriff.    An order of reference was made to take and state the account of the receiver, and to ascertain and report as to the disposition of the assets, money, and property in the custody of the receiver, and the nature and amount of any and all liens thereon, and the extent and proportion to which said assets, money, and property were liable and applicable to the satisfaction and discharge of such liens.    On the accounting, it was admitted that the receiver had received the funds and property as set forth in his account, and also had paid out the moneys as stated in the account, and for the purposes as stated in the account.    There was no dispute over the accounts, the only question being as to the disposition of the money and property in the hands of the receiver.    The referee reported that the plaintiffs had no lien on the moneys in the hands of the receiver, or upon the life insurance policy in his hands for the $6,272.25 paid thereon, and directed that the receiver should deliver over to the defendant Garver, as assignee, all the property in his hands.    No exceptions were filed to the report by or on behalf of any defendant, and the appellant Garver moved to confirm the report.    The court thereupon made an order that the money be paid over to the sheriff, that the property be delivered to the sheriff, and that the assignee should repay the $6,272.25 advanced for and on account of the life insurance policy. From these portions of the said order, this appeal is taken.

The court, upon the appeal from the judgment appointing the receiver, virtually held that, in this form of action, interference with the manual possession of the transferred property by order of the court was improper and unauthorized; that the only judgment that the scope of the action justified was the removal of the incumbrances, which prevented the sheriff from making an actual levy upon the property upon which the executions issued to him were liens.    The court thereupon, while affirming the judgment so far as it declared the transfers of these properties to be fraudulent, reversed so much of the judgment as attempted to take such property into the custody of the court, and struck from the judgment all provisions in regard to the receivership.    This left the plaintiffs to whatever relief they could obtain by means of their executions.    The sheriff, if the executions had not become dormant, could go on and levy upon whatever property there might be subject to levy, and realize thereon, and make his executions if there was sufficient property.    This was all that could be done.    The court having by its order improperly interfered with the possession of the property, it necessarily fell back into the custody from which it had been taken, subject to the right of the sheriff to levy upon it; such right being unaffected by the transfers which had been declared to be fraudulent.    The persons entitled to the possession of that property had the right to raise any question as to the regularity of these executions, and to the regularity of such

a levy, as they might be advised; and this court could not prejudge those questions by directing the delivery of the property over to the sheriff, upon which he had never made a levy.

It is to be observed that, if the character of this property has been changed, it is expressly stipulated that it was done by the consent and under the direction of the plaintiffs. There was no provision or consent that these moneys should be held subject to the same conditions as the property the proceeds of sale of which they were. All that the sheriff can do under his executions, if they still have validity, is to levy, take into his possession the leviable property, and sell and realize upon the same for the benefit of the said executions. The action which resulted in the judgment in which the receiver was appointed was not a creditors' action, after return of execution unsatisfied, for general relief. It was an action brought for special relief, to set aside impediments which prevented the sheriff from levying his execution upon property which was the subject of levy. There may be a question as to whether some of this property that has been directed to be delivered over to the sheriff was ever the subject of levy; but it is not necessary to discuss such a proposition now. The court, having wrongfully taken the property out of the possession of certain parties by means of its receivership, was bound to restore it to their possession upon the adjudication of a want of authority so to act. The sheriff then can proceed under his executions in the same manner as though no temporary receiver had ever been appointed.

We think, therefore, that the order was erroneous in directing the handing over of this money to the sheriff, and that the referee's report should be confirmed. The order appealed from should be reversed, with $10 costs and disbursements, and the motion to confirm the referee's report granted, with $10 costs. All concur, except INGRAHAM, J., dissenting.

INGRAHAM, J. I am unable to concur with the Presiding Justice. The action was brought in aid of executions issued upon judgments obtained by the plaintiffs to have declared void assignments made by the judgment debtor. A temporary receiver was appointed to take possession of the property which it was claimed was fraudulently transferred, to hold the same until the termination of the action. The sale of this property so held by the temporary receiver did not change the character of the property so far as the rights of the parties to the action were affected. The proceeds of the property in the hands of the temporary receiver still remained personal property, subject to levy under execution obtained by the plaintiffs. The proceeds of the property remained in the hands of the receiver in place of the property sold, which produced such proceeds. If the assignments and transfers of the property held by the receiver were declared fraudulent and void as to the plaintiffs, the property thus held by the receiver was subject to levy under the executions in aid of which the action was brought. The final judgment as entered in this action, and as affirmed by this court, declared such transfers void as to the plaintiffs; and, upon the entry of that judgment, the plain-

tiffs were entitled to have the sheriff levy upon the property in the hands of the receiver, or the proceeds of that property when sold by the receiver, with the same force and effect as if no transfers or assignments of the property had been made by the debtor.    The appointment of the permanent receiver did not change the relation of the parties to this property; nor did the subsequent modification of the judgment of the special term, striking out the provision for the appointment of a permanent receiver, affect the right of the plaintiffs to have the executions enforced by a levy upon the property that had been in the custody of the court, and held by this receiver, whether a temporary or permanent one.    The plaintiffs were entitled to have the proceeds of property in the hands of the receiver subject to a levy by the sheriff to enforce the executions.    The judgment entered in this action setting aside the assignments or transfers of the property as to these plaintiffs was in aid of these very executions, and the entry of that judgment was a binding adjudication upon the parties to the action that the executions were valid executions, which the plaintiffs were entitled to enforce against all leviable property of the judgment debtor within the jurisdiction of the court.    Without proof of the existence of valid executions, no judgment could have been rendered setting aside the assignments or transfers, or declaring such assignments or transfers void as against the plaintiffs, as creditors of the judgment debtor.    The right of the plaintiffs to have the leviable property of the judgment debtor applied to the satisfaction of their executions was settled by the judgment, which was affirmed by this court.    And where it appeared that this court, by its receiver, had taken possession of such leviable property, and the court, by its final judgment, having determined that the plaintiffs were entitled to levy upon the property of the judgment debtor which it held in its hands to satisfy the creditors' executions, the plaintiffs were, it seems to me, entitled to an order directing the receiver to allow the sheriff to levy upon the property of the judgment debtor in his hands to enforce the judgment of the creditors as against the judgment debtor. And, the receiver having sold the property and holding the proceeds, it seems to me that the proper order was that made by the court below, directing the receiver to deliver to the sheriff the proceeds of the property which was subject to levy, so that the sheriff could make a levy and satisfy the executions.

As to the policy of insurance upon the life of James B. Brewster, it is quite clear that the rights of the debtor under this policy were leviable, whether or not such levy could be made by taking possession of the property, namely, the policy of insurance, or by serving a copy of the warrant of attachment, or notice showing the property attached, upon the insurance company, in the manner provided by subdivision 3 of section 649 of the Code of Civil Procedure.

In the case of Kratzenstein v. Lehman, 19 App. Div. 229, 46 N. Y. Supp. 71, it was held that service of a copy of the warrant of attachment, and a notice showing the property attached, upon the life insurance company in the manner provided by the sections of the Code cited above, was a valid levy upon the interest of the beneficiary, who would be entitled to the beneficial interest of the policy .upon the

death of the insured.    This policy being leviable under executions issued upon plaintiffs' judgment, and the judgment of this court in this action having adjudged that the transfer of this policy of insurance was fraudulent and void as to these plaintiffs, the sheriff was entitled to make a levy to enforce the executions upon this policy of insurance; and the mere formal transfer of the policy of insurance to the sheriff for the purpose of enabling him to make that levy effectual was, I think, a proper exercise of the power of the court over the property held by it for the purpose of enabling its judgment to be made effectual.

I think, therefore, that the order appealed from was right, and should be affirmed, with costs.