(60 Misc. Rep. 294.)

In re DILL et al.

(Surrogate's Court, Kings County. July, 1908.)

EXECUTORS AND ADMINISTRATORS (§ 495*)—ACCOUNTING—COMMISSIONS.

    Executors of a deceased executrix are not to be credited on an account-
ing with commissions on a mortgage taken by such executrix on a con-
veyance of real estate under a judgment for specific performance of a con-
tract of testator, where she neither received nor paid out any of the mon-
ey secured by the mortgage, and it was not taken by any one from her in
lieu of cash, nor was any one in a position to elect that it should be treat-
ed as money.

    [Ed. Note.—For other cases, see Executors and Administrators, Dec.
Dig. § 495.*]

In the matter of the judicial settlement of the account of John Dill,
Jr., and Charlotte Morgan, executors. Decree rendered.

W. H. Garrison, for executors.

Edward M. Grout and Paul Grout, for contestants.

KETCHAM, S. Upon the accounting of the executors of a deceas-
ed executrix the question is presented whether or not commissions
should be allowed upon the sum of $40,000, the amount of a mortgage
which was taken by the deceased executrix and which remained un-
satisfied until after her death. The testator, during his life, agreed
to convey certain real estate by a contract which was not performed
at his death. Thereafter, pursuant to a judgment directing specific
performance of this contract, the real estate was conveyed by the exec-
utrix, who received in part consideration for the conveyance the mort-
gage in question. The claim that the mortgage was bequeathed specif-
ically, and therefore is not the subject of commissions, cannot be main-
tained. The cases cited on this contention all concern specific legacies,
while in this case the contract passed under the will as a part of the
general estate, to be devoted in its proportion to the payment of ad-
ministration expenses and debts.

It is only for services in receiving and paying out money that com-
missions are permitted. Code Civ. Proc. § 2730. This executrix has
not received or paid out any part of the $40,000, nor is she within the
scope of those cases which have allowed commissions upon securities.
Matter of Ingraham (in this court, May 26, 1908) 112 N. Y. Supp. 763.
No one has taken from her the security in place of cash, nor has any
one been placed in a position to elect that the mortgage should be treat-
ed as money. It is argued in behalf of the accountants that there was a
trust in the will; but none appears, and the executrix could not have
turned the mortgage over to herself as trustee. It is suggested that,
upon the former accounting, the executrix was found entitled to com-
missions upon the mortgage in question; but no such finding or direc-
tion is discovered in the report of the referee or in the decree cited.
There should be no commissions upon the accounting.

Decreed accordingly.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes