(82 Misc. Rep. 385.)

PHILLIPS v. HUDSON FILM CO. et al.

(Supreme Court, Appellate Term, First Department. October 23, 1913.)

1. RECEIVERS (§ 194*)—ALLOWANCE OF ATTORNEY'S FEES.
    Where the attorney of the receiver of an insolvent corporation participated in the entry of fraudulent confessions of judgment, counsel fees cannot be awarded.

    [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 385, 386; Dec. Dig. § 194.*]

2. RECEIVERS (§ 55*)—DISBURSEMENTS—RIGHT TO MAKE DISBURSEMENTS.
    Where the Supreme Court found that the appointment of a receiver by the City Court was fraudulent as to the appellant's claim, and decreed that the receiver should hold the moneys in his possession as trustee for appellant, the receiver is not, so long as the judgment remains unre-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

versed, entitled to disbursements or compensation without appellant's consent.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 94, 400; Dec. Dig. § 55.*]

3. RECEIVERS (§ 191*)—ACCOUNTING—RIGHT TO ACCOUNTING.
Where the judgment of the Supreme Court was appealed from, there should be no accounting until the final determination of that action.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 382; Dec. Dig. § 191.*]

Appeal from City Court of New York, Special Term.

Action by Mark Phillips against the Hudson Film Company, in which William J. Kindgen was appointed receiver. From an order passing the accounts of William J. Kindgen as receiver, Milton J. Gordon appeals. Order reversed, and disbursements and application denied.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Milton J. Gordon, of New York City, for appellant.
Henry S. Mansfield, of New York City, for respondent.

GUY, J. Respondent Kindgen is the receiver of the property of the Hudson Film Company. He was appointed under a City Court judgment recovered by the plaintiff, Phillips, against that corporation by confession. In May, 1913, in an action in the Supreme Court by the appellant, Gordon, as plaintiff, against Phillips, the receiver, Kindgen, and others, it was adjudged, among other things, that the City Court judgment was confessed with intent to hinder, delay, and defraud the appellant, and that the receiver's counsel in the court below acted as one of the attorneys in entering the fraudulent confession of judgment, as well as other like confessions of judgment, though there was no finding that the receiver was a party to or was privy to any fraud. Because of the fraudulent acts of those instrumental in procuring his appointment, it was adjudged:

"That the moneys in possession of the defendant William J. Kindgen, as receiver of the defendant Hudson Film Company, is and was held in trust for the said Milton J. Gordon, the plaintiff herein, to the extent of the judgment in favor of said plaintiff" for $3,641.50.

In disregard of this Supreme Court judgment, the receiver has procured the entry of an order on August 21, 1913, passing his accounts, and decreeing the payment of $360 of the moneys which the Supreme Court judgment awarded to the appellant, to himself for commissions, $470.30 thereof to the counsel who entered the fraudulent confessions of judgment, and $125 thereof to his counsel on this appeal for counsel fees. The Supreme Court judgment has been appealed from, but it still remains unreversed and in full force and effect.

[1] The counsel fee awarded to the receiver's attorney, who participated in the entry of what the unreversed judgment of the Supreme Court holds to be fraudulent confessions of judgment, cannot be sus-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tained in defiance of such judgment.   Clapp v. Clapp, 49 Hun, 195, 200, 1 N. Y. Supp. 919.

[2] So long as the Supreme Court judgment holding the appointment of the receiver fraudulent as against the appellant's claim stands, the appellant is entitled to insist that as to him it should be deemed never to have been made, and the City Court cannot lawfully wrest from appellant what the Supreme Court adjudged and still adjudges to be the appellant's property, which is now in the receiver's hands, and direct the receiver's commissions and counsel fees to be paid out of it, without the appellant's consent.   Moe v. McNally Co., 138 App. Div. 480, 483, 123 N. Y. Supp. 71; Pittsfield Nat. Bank v. Bayne, 140 N. Y. 321, 329, 330, 35 N. E. 630; Weston v. Watts, 45 Hun, 219–222.

[3] As the final determination of the Supreme Court action may materially affect the receiver's rights, there should be no accounting herein until the final determination of that action.

Order reversed, with $10 costs and disbursements, and application denied, with $10 costs, without prejudice to a renewal thereof in whole or in part upon the final determination of the Supreme Court action. All concur.